## CONFIDENTIAL SETTLEMENT AGREEMENT
## FULL WAIVER OF CLAIMS, AND GENERAL RELEASE,

This Confidential Settlement Agreement, Full Waiver of Claims, and General Release (hereinafter referred to as the "Agreement") is entered into between RENE RODRIGUEZ ("RODRIGUEZ"), and PRIMETIME AMUSEMENTS USA (CENTRAL FLORIDA) LLC ("DEFENDANT").

WHEREAS, RODRIGUEZ has filed a lawsuit in the Middle District of Florida, Case No. 6-15-cv-01374-PGB-GJK ("the Lawsuit") alleging that DEFENDANT failed to pay him certain overtime wages allegedly due under the Fair Labor Standards Act ("FLSA");

WHEREAS, DEFENDANT denies any liability to RODRIGUEZ and;

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the parties as follows:

### 1.    DISMISSAL OF CASE

Promptly after execution of this Agreement, the parties agree to file a Joint Motion to Approve Settlement Agreement and to Dismiss the Action with Prejudice in the form attached as Exhibit A, and to submit this Agreement to the Court for an *in camera* inspection, if the Court so permits. The parties acknowledge and agree that this Agreement will not be valid unless and until the Court approves the parties' settlement and dismisses the case with prejudice; that date shall be the Effective Date of this Agreement.  If the Court declines to approve the Parties' settlement, this Agreement shall be null and void.

RODRIGUEZ

DEFENDANT

2.   **CONSIDERATION**

In exchange for the mutual promises exchanged herein, DEFENDANT agrees to pay an all-inclusive total of **$8,500.00** (the "Settlement Payment") as the full and final settlement of any and all claims of any kind RODRIGUEZ had or may now have against DEFENDANT. The Settlement Payment will be sent to counsel for RODRIGUEZ within ten (10) business days of the Effective Date. The Settlement Payment shall be made in the form of two (2) checks:

(A)   One check in the amount of $4,500.00 (not subject to withholding), made payable to RODRIGUEZ, for which a form 1099 shall be issued to RODRIGUEZ;

(B)   One check for attorney's fees and costs in the amount of $4,000.00, made payable to Wenzel Fenton Cabassa, P.A., for which a form 1099 shall be issued.

It is specifically agreed that RODRIGUEZ will be fully and completely responsible for paying any and all taxes due on the payments set forth in Sections 2(A) and (B) above, and that RODRIGUEZ has discussed this with his attorney and fully understands his responsibilities. RODRIGUEZ agrees that if it is at any time determined by the Internal Revenue Service that taxes of any type should have been deducted by DEFENDANT from any of the monies RODRIGUEZ received pursuant to Sections 2(A) and (B) above, RODRIGUEZ will indemnify and hold DEFENDANT harmless and assume any and all liability for any taxes, interest, or penalties assessed against DEFENDANT.

RODRIGUEZ further understands and agrees that the Settlement Payment is all that he is entitled to receive from DEFENDANT, as settlement of any and all of his claims of any kind against DEFENDANT, including but not limited to the claims in the Lawsuit. RODRIGUEZ acknowledges that the Settlement Payment represents a disputed amount and that this settlement

RODRIGUEZ

DEFENDANT

is a compromise which validates the effectiveness of this Agreement and the release of all claims included in this Agreement, which has been reviewed and approved by his attorney.

### 3.   ADEQUATE CONSIDERATION

RODRIGUEZ agrees that the Settlement Payment constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement, and for the obligations imposed upon him by virtue of this Agreement.

### 4.   MUTUAL RELEASE AND WAIVER OF ALL CLAIMS

In exchange for the Settlement Payment described in paragraph 2 above, RODRIGUEZ releases DEFENDANT, along with any parent company, subsidiaries, and any and all related entities, as well as all of their respective current and former members, partners, managers, officers, contractors, associates, employees, shareholders, successors in interest, consultants, representatives, attorneys, and agents, both in their representative and individual capacities ("the Released Parties") from any and all claims or demands of any kind they have had or may now have against the Released Parties, including, but not limited to, any claims based on any and all aspects of his employment with DEFENDANT (including any claims for overtime pay, liquidated damages, and other pay of any kind) or separation from employment with DEFENDANT. This release of claims includes, but is not limited to, a release of any rights or claims RODRIGUEZ may have under the Fair Labor Standards Act; Florida's Minimum Wage Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990; 42 U.S.C. Section 1981; the Age Discrimination in Employment Act; any claim under the worker's compensation law of Florida and the retaliation provision of that statute; Florida whistleblower laws; and/or any other federal, state, local, or foreign laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination, such as the Florida Civil Rights

RODRIGUEZ

DEFENDANT

Act. RODRIGUEZ also agrees that this Agreement includes a release of all claims based on the state and federal constitutions, and all claims based on theories of contract or tort (e.g., negligent or intentional infliction of emotional distress, defamation, assault, battery, false imprisonment, invasion of privacy, wrongful termination, etc.), whether based on common law or otherwise. The foregoing list is meant to be illustrative rather than exhaustive. RODRIGUEZ agrees that he received any and all leave of any kind (including but not limited to all leave under the Family and Medical Leave Act) that he was or may have been entitled to receive. RODRIGUEZ acknowledges, agrees, and understands that this release is a full and final bar to any and all claims of any type that he had or may now have against the Released Parties through the date he signs this Agreement.

Additionally, RODRIGUEZ agrees that the Settlement Payment fully and completely compensates RODRIGUEZ for signing this Agreement, and that RODRIGUEZ is entitled to no other monies from the Released Parties, for back wages, overtime pay, liquidated damages, commissions, bonuses, or other monies allegedly due to him from DEFENDANT in connection with his employment with DEFENDANT. RODRIGUEZ states that he is receiving in this settlement all monies allegedly owed to him from his work for DEFENDANT, and RODRIGUEZ states that he has no further claims or demands against the Released Parties, and will file nothing against any of the Released Parties in the future. Further, RODRIGUEZ agrees that these statements constitute admissions and can be used against him in the event he brings any action or proceeding in the future against any of the Released Parties. RODRIGUEZ agrees and states that if any municipal, state or federal agency attempts to compensate him at any time in the future for work he has done or payments received in the past from DEFENDANT, he will advise said agency in writing that he has already been compensated in full by DEFENDANT in a

RODRIGUEZ

DEFENDANT

confidential settlement for all wages allegedly due to him, and declines the payments and ask that DEFENDANT not have to pay those monies. Notwithstanding the foregoing, RODRIGUEZ acknowledges that he is not waiving rights or claims that may arise after the date he signs this Agreement, including without limitation any rights or claims that RODRIGUEZ may have to secure enforcement of the terms and conditions of this Agreement.

Notwithstanding the foregoing, nothing in this Agreement shall be construed as the parties settling, waiving, discharging, compromising and/or releasing any claim for worker's compensation benefits in relation to RODRIGUEZ's worker's compensation accident/injury of 11-01-15.

DEFENDANT releases RODRIGUEZ from any and all claims or demands of any kind they have had or may now have against DEFENDANT, including, but not limited to, any claims based on any and all aspects of his employment with DEFENDANT.

5. **NO LAWSUITS OR CLAIMS**

RODRIGUEZ waives the rights and claims set forth above, and also agrees not to institute, or have instituted by anyone, a lawsuit against the Released Parties based on any such claims or rights. RODRIGUEZ further acknowledges and agrees that with respect to the rights and claims he is waiving, he waives not only his right to recover money or any other relief in any action he might commence, but also his right to recover in any action brought on his behalf by any municipal, state or federal agency.

RODRIGUEZ

DEFENDANT

6. **NO FUTURE EMPLOYMENT**

RODRIGUEZ agrees that he will not apply for employment or seek reinstatement as an employee with DEFENDANT in the future, nor will he work as a contractor with DEFENDANT in the future. DEFENDANT will have no obligation whatsoever to employ or reinstate RODRIGUEZ in the future.

7. **CONFIDENTIALITY**

As a material condition to this Agreement, RODRIGUEZ agrees that he will not disclose or discuss the terms of the settlement of this action, the existence of a settlement, the circumstances surrounding the settlement of this action, the terms of this Agreement, or the circumstances related to this Agreement, with any other person, except his attorney, accountant, tax advisor, or spouse, unless compelled by law. Moreover, in the event that RODRIGUEZ discusses this Agreement with his attorney, accountant, tax advisor, or spouse, it shall be his duty, responsibility, and obligation to direct them not to discuss the terms of this Agreement with any other person. RODRIGUEZ shall be fully and completely responsible for any breach by them of this confidentiality provision. RODRIGUEZ also specifically agrees not to have contact with other current or former employees of DEFENDANT for the purpose of suggesting to them in any way (or assisting them in any manner) to file or pursue a claim of any kind against any of the Released Parties.

8. **CONSEQUENCES OF BREACH**

In the event of a proven breach of paragraph 7 of this Agreement, RODRIGUEZ shall return his share of the Settlement Payment to DEFENDANT.

RODRIGUEZ

DEFENDANT

9.   **NON-DISPARAGEMENT**

RODRIGUEZ agrees that he will not make any disparaging or negative remarks in the future, directly or indirectly, concerning any of the Released Parties.  RODRIGUEZ further agrees that if he receives a request to verify his employment with DEFENDANT, he shall direct any such requests to Defendant's President, David Goldfarb, who shall personally or through his designee disclose only RODRIGUEZ's dates of employment, rate of pay, and position held. RODRIGUEZ acknowledges and agrees that should RODRIGUEZ intentionally or inadvertently use any present or former officer, Board member, manager or other employee of DEFENDANT as a reference, RODRIGUEZ is deemed to have agreed that the person so used is acting solely in a personal capacity, and not on behalf of DEFENDANT, and DEFENDANT shall have no liability to RODRIGUEZ for any information provided by the person so used, regardless of truth or falsity.

10.   **NON-ADMISSION OF LIABILITY**

RODRIGUEZ acknowledges that DEFENDANT is entering into this Agreement solely to avoid the cost of litigation.  In making this Agreement, DEFENDANT does not admit that it has done anything wrong as to RODRIGUEZ.  On the contrary, DEFENDANT denies liability of any kind to RODRIGUEZ.

11.   **SEVERABILITY**

The parties agree that if any provision of this Agreement or any part of any provision of this Agreement is found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement, except that if the release provisions in Paragraph 4 above are found to be invalid, this Agreement shall be null and void

RODRIGUEZ

DEFENDANT

and all monies RODRIGUEZ received under this Agreement will be immediately refunded to DEFENDANT.

12. **ENTIRE AGREEMENT**

The parties agree that this Agreement constitutes their entire and final understanding and agreement with respect to the subject matter of this Agreement and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements, or representations concerning all matters directly, indirectly, or collaterally related to the subject matter of this Agreement.

13. **DISPUTES**

In the event of a dispute as to the interpretation or application of, or an alleged breach of, this Agreement, the parties agree that such dispute shall be heard by a judge, not a jury, and that this Agreement shall be governed by the laws of the State of Florida. The prevailing party shall be entitled to its/his reasonable attorneys' fees and costs.

14. **AMENDMENTS**

The parties agree that this Agreement cannot be amended or modified except by a writing executed by the parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

15. **ACKNOWLEDGMENT**

RODRIGUEZ acknowledges that he has been given a reasonable period of time in which to consider signing this Agreement, that he has consulted with his counsel before signing this Agreement, and that RODRIGUEZ understands the Agreement in its entirety. In addition, RODRIGUEZ acknowledges that DEFENDANT has not made any representations other than those contained in this Agreement. RODRIGUEZ also acknowledges that he enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its

RODRIGUEZ                                                          DEFENDANT

significance, and that it constitutes a full and final settlement and bar as to any and all claims he had or may now have against DEFENDANT.


IN WITNESS WHEREOF, RENE RODRIGUEZ AND DEFENDANT, PRIMETIME AMUSEMENTS USA (CENTRAL FLORIDA), LLC HAVE EXECUTED THIS AGREEMENT.


PRIMETIME     AMUSEMENTS     USA
(CENTRAL FLORIDA) LLC

_____              _____
RENE RODRIGUEZ                          DAVID GOLDFARB, PRESIDENT


12 - 11 - 15                            12/21/15
_____              _____
Date                                    Date


_____              _____
RODRIGUEZ                               DEFENDANT