# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENE RODRIGUEZ,**

       **Plaintiff,**

**v.**                                              **Case No:  6:15-cv-1374-Orl-40GJK**

**PRIMETIME AMUSEMENTS USA**
**(CENTRAL FLORIDA) LLC,**

       **Defendant.**

---

## REPORT AND RECOMMENDATION

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **February 3, 2016** |

       **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

       On August 18, 2015, Plaintiff filed a complaint (the "Complaint") against Defendant asserting a claim for unpaid overtime wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq*. (the "FLSA").  Doc. No. 1.  On September 18, 2015, Defendant filed its Answer and Affirmative Defenses.  Doc. No. 15.  On September 23, 2015, the undersigned entered an FLSA Scheduling Order.  Doc. No. 16.  On October 22, 2015, Plaintiff filed verified answers to the Court's Interrogatories, claiming an estimated $4,746.00 in unpaid overtime wages owed, plus

an equal amount of liquidated damages.  Doc. No. 17 at 2.  On December 22, 2015, the parties filed a joint motion to approve their settlement agreement and to dismiss the case with prejudice.  Doc. No. 21.  On December 23, 2015, the Court entered an order denying the motion without prejudice, stating that the "parties may file a renewed motion if they attach and file the settlement agreement on the public docket."  Doc. No. 22 (citing *Dees v. Hydradry*, 706 F. Supp. 2d 1227, 1244-46 (M.D. Fla. 2010)).[1]  On January 4, 2016, the parties filed a Joint Motion for Approval of Settlement and Dismissal of this Action with Prejudice (the "Motion"), requesting the Court approve their settlement agreement and dismiss the case with prejudice.  Doc. No. 23.  On January 21, 2016, the Court entered an order denying the Motion because the settlement agreement contained a mutual general release, but the Motion did not contain sufficient information about any other claims that Plaintiff was releasing and it did not appear there was any separate consideration for the mutual general release.  Doc. No. 24 at 8.  Thus, the undersigned could not make an informed decision as to whether the mutual general release affected the fairness and the reasonableness of the settlement.  *Id.*  With the exception of the settlement agreement's non-disparagement and confidentiality provisions, the undersigned noted that the balance of the settlement appeared to be a fair and reasonable compromise of Plaintiff's FLSA claims.  Doc. No. 24 at 5-7, 9-10.

On February 3, 2016, the parties filed a Renewed Joint Motion for Approval of Settlement and Dismissal of This Action With Prejudice (the "Renewed Motion").  Doc. No. 25.  The parties attached an amended settlement agreement (the "Agreement") to the Renewed Motion.  Doc. No. 25-1 at 1-5.  Under the Agreement, Plaintiff will receive $4,500.00 and Plaintiff's counsel will receive $4,000.00.  Doc. No. 25-1 at 2.  The Agreement does not contain a release, a non-

---

[1] In the motion, the parties did not file the settlement agreement on the public docket, but requested that the Court consider it only in camera or under seal.  Doc. No. 21.

disparagement clause, or a confidentiality provision.  Doc. No. 25-1 at 1-5.  In the Renewed Motion, the parties stipulate that they "engaged in separate settlement discussions to resolve the issues relating to the payment of Plaintiff's attorney's fees and costs."  Doc. No. 25 at 2.   The parties state that they have agreed to resolve their bona fide dispute "in order to avoid the cost, time, and expense associated with continued litigation of Plaintiff's claims, as well as the risks inherent in such continued litigation."  Doc. No. 25 at 3.

**II.   LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the only means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.  Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.  *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by Secretary of Labor); *Nall v. Mal-Motel, Inc.*, 723 F.3d 1304, 1306-07 (11th Cir. 2013) (the framework for *Lynn's Food* applies to settlement agreements

between former employers and employees).  Before approving an FLSA settlement, the Court must

scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute" over FLSA

provisions of coverage and liability.  *Lynn's Food*, 679 F.2d at 1354-55.  "If a settlement in an

employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or

computation of back wages, that are actually in dispute; [the Eleventh Circuit allows] the district

court to approve the settlement in order to promote the policy of encouraging settlement of

litigation."  *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the

following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-1592-Orl-22JGG, 2007 WL 328792 at *2 (M.D.

Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a

settlement fair.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee

agreements.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J.

Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of

the contingent fee agreement; for it may well be that Congress intended that an employee's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

recovery should be net....")).  In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish
> Zidell's compensation if Silva prevailed on the FLSA claim is of
> little moment in the context of FLSA. FLSA requires judicial review
> of the reasonableness of counsel's legal fees to assure both that
> counsel is compensated adequately and that no conflict of interest
> taints the amount the wronged employee recovers under a settlement
> agreement. FLSA provides for reasonable attorney's fees; the
> parties cannot contract in derogation of FLSA's provisions. *See
> Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged
> by contract or otherwise waived.") (quotation and citation omitted).
> To turn a blind eye to an agreed upon contingency fee in an amount
> greater than the amount determined to be reasonable after judicial
> scrutiny runs counter to FLSA's provisions for compensating the
> wronged employee. *See United Slate, Tile & Composition Roofers
> v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.
> 1984) ("the determination of a reasonable fee is to be conducted by
> the district court regardless of any contract between plaintiff and
> plaintiff's counsel"); *see also Zegers v. Countrywide Mortg.
> Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[3]  In order for the Court to determine whether the proposed settlement is reasonable,

counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be

compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between

the plaintiff and his or her counsel, or otherwise.  *Id*.  When a plaintiff receives less than a full

recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

improperly detracts from the plaintiff's recovery.[4]  Thus, a potential conflict can arise between

counsel and their client regarding how much of the plaintiff's total recovery should be allocated to

attorney's fees and costs.[5]  It is the Court's responsibility to ensure that any such allocation is

---

[3] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.  11th Cir. R. 36-2.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

reasonable. *See Silva*, 307 F. App'x at 351-52.  In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorneys' fees and costs was set forth in *Bonetti v. Embarq Management Co.*, Case No. 6:07-cv-1335-Orl-31GJK, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 2009 WL 2371407, at *5 (emphasis added).  Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  *Id.*  The undersigned finds this reasoning persuasive.

III.   <u>**ANALYSIS.**</u>

This case involves disputed issues of liability, the amount damages, and entitlement to liquidated damages under the FLSA, which constitutes a bona fide dispute.  Doc. Nos. 1, 15, 17, 21, 24-25.  *See Lynn's Food*, 679 F.2d at 1354.  The parties are represented by independent counsel, who are obligated to vigorously represent their clients.  *See* Doc. Nos. 1, 15, 17, 21, 24-25.  In Plaintiff's answers to the Court's interrogatories, Plaintiff claimed an estimated $4,746.00 in unpaid overtime wages owed, plus an equal amount of liquidated damages.  Doc. No. 17 at 2.  As the undersigned previously noted with respect to the Motion, the amount of the total settlement allocated to Plaintiff ($4,500.00), represents slightly less than the $4,746.00 in unpaid wages claimed in Plaintiff's estimated answers to the Court's interrogatories.  Doc. Nos. 17 at 2; 24 at 5; 25-1 at 2.  Neither the Renewed Motion nor the Agreement identifies what, if any, portion of Plaintiff's recovery is allocated for unpaid overtime wages or liquidated damages.  Doc. Nos. 25; 25-1.  Nevertheless, based upon the parties' representation that they desire to avoid the cost, time, expense, and risks associated with continued litigation, and having reviewed the Renewed Motion (Doc. No. 25), the Agreement (Doc. No. 25-1), and Plaintiff's answers to the Court's interrogatories (Doc. No. 17), the undersigned finds that the amount of Plaintiff's settlement is a fair and reasonable compromise of Plaintiff's FLSA overtime claim.

As set forth above, Plaintiff's counsel will receive $4,000.00 for attorneys' fees and costs under the Agreement.  *See* Doc. No. 25-1 at 2.  In the Renewed Motion, the parties represent that they negotiated the amount of attorneys' fees and costs separately and apart from Plaintiff's unpaid overtime wages claim.  Doc. No. 25 at 2.  Given the record in this case, there is no reason to believe Plaintiff's recovery is adversely affected by the amount of attorneys' fees and costs to be paid to Plaintiff's counsel.  *See Bonetti*, No. 6:07-cv-1335, 2009 WL 2371407, at *5.

IV.     **CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court enter an **ORDER**:

1.  **GRANTING** the Motion (Doc. No. 25) only to the extent the Court finds the parties' settlement is fair and reasonable;

2.  **DISMISSING** the case with prejudice;

3.   **DIRECTING** the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**In order to expedite the final resolution of this matter, if the parties have no objections to the Report and Recommendation, the may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on March 7, 2015.



_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy